A. Alexander Gorman, Esq.
GORMAN & GAVRAS
A Professional Corporation
118-A Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiff
JUAN Q. PEREZ

FILED
DISTRICT COURT OF GUAM
AUG 09 2002
MARY L. M. MORAN
CLERK OF COURT

IN THE U.S. DISTRICT COURT

OF GUAM

| | |
|---|---|
| JUAN Q. PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>DONGWON INDUSTRIES CO., GUAM; THE VESSEL "UNIVERSAL KIM"; and DONGBU INSURANCE CO., LTD.<br><br>Defendants._____/ | CIVIL CASE NO. 02-00025<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Admiralty & Maritime Negligence;<br><br>2. Common-law Negligence<br><br>3. Direct Action Damages<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES NOW, Plaintiff JUAN Q. PEREZ, and by way of his Complaint alleges as follows:

### GENERAL ALLEGATIONS

1. Count I is a cause of action of Admiralty and Maritime jurisdiction as hereinafter more fully appears. Jurisdiction is vested in this Court pursuant to U.S.C.A. Const. art. 3 §§ 1 & 2, 28 U.S.C.A. §1333(1) and 46 U.S.C.A. §740. As to Counts II and III, supplemental jurisdiction is vested in this Court pursuant to 28 U.S.C.A. §1367.

2. At all times mentioned herein, Plaintiff JUAN Q. PEREZ was and is a resident of Guam.

ORIGINAL

3. At all times mentioned herein and upon information and belief, Defendant DONGWON INDUSTRIES CO., GUAM (hereafter "DONGWON INDUSTRIES") was and is a corporation and was and is doing business in Guam.

4. At all times mentioned herein and upon information and belief, Defendant THE VESSEL "UNIVERSAL KIM" (hereafter "UNIVERSAL KIM") was and is a vessel owned, operated, possessed and controlled by Defendant DONGWON INDUSTRIES. Furthermore, upon information and belief, the UNIVERSAL KIM is currently outside the District of Guam at a place or places currently unknown and Plaintiff therefore seeks foreign attachment of the vessel.

5. At all times mentioned herein and upon information and belief, Defendant DONGBU INSURANCE CO., LTD (hereafter "DONGBU INSURANCE") was and is a corporation and was and is doing business in Guam.

6. Plaintiff is informed and believes and thereupon alleges, that at all times mentioned herein, that each of said Defendants are jointly and severally liable as the principle, officer, agent, master, servant, employer, employee and partner of each of the remaining Defendants and was in doing the acts complained of herein, acting within the scope of his, her or its said agency, employment or partnership. Furthermore, each Defendant is responsible for the acts of the other Defendants and for its agents and employees under the theory of Respondeat Superior.

**FIRST CAUSE OF ACTION FOR ADMIRALTY & MARITIME NEGLIGENCE AGAINST DEFENDANTS DONGWON INDUSTRIES CO., GUAM and THE VESSEL "UNIVERSAL KIM".**

7. Plaintiff re-alleges and incorporates by reference paragraphs 1-6, above.

2

8. On or about August 12, 2000, while Plaintiff JUAN Q. PEREZ was performing re-fueling operations to the vessel UNIVERSAL KIM on behalf of his employer Shell Guam, Inc., at Cabras Marine in Guam, the vessel unexpectedly began to move due to the negligence of its crew. The sudden movement of the vessel dragged the re-fueling cart across the dock, striking Plaintiff JUAN Q. PEREZ and knocking him down into a recessed area of the dock.

9. At the time of the accident, Defendant DONGWON INDUSTRIES had complete and exclusive control of the UNIVERSAL KIM when it negligently and unexpectedly began to move, thereby causing the accident and injuries to Plaintiff and said Defendant is therefore liable for the Plaintiff's injuries pursuant to the doctrine of Res Ipsa Loquitur.

10. As a direct and proximate result of the negligence of DONGWON INDUSTRIES, Plaintiff JUAN Q. PEREZ sustained severe personal bodily injuries in the accident.

11. As a further direct and proximate result of the negligence of Defendant DONGWON INDUSTRIES, Plaintiff JUAN Q. PEREZ was and is forced to endure severe pain and suffering, loss of enjoyment of life, mental and emotional injury and distress, inconvenience, lost earnings and medical treatments and expenses.

12. As a further direct and proximate result of the negligence of Defendant DONGWON INDUSTRIES, Plaintiff JUAN Q. PEREZ will require future medical treatments and expenses with the attendant pain and suffering, loss of enjoyment of life, inconvenience, lost earnings and mental and emotional injury and distress.

13. Based on the above, Plaintiff JUAN Q. PEREZ has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION FOR COMMON-LAW NEGLIGENCE AGAINST DEFENDANT DONGWON INDUSTRIES.

14. Plaintiff re-alleges and incorporates by reference paragraphs 1-13, above.

15. On or about August 12, 2000, while Plaintiff JUAN Q. PEREZ was performing re-fueling operations to the vessel UNIVERSAL KIM on behalf of his employer Shell Guam, Inc., at Cabras Marine in Guam, the vessel unexpectedly began to move due to the negligence of its crew. The sudden movement of the vessel dragged the re-fueling cart across the dock, striking Plaintiff JUAN Q. PEREZ and knocking him down into a recessed area of the dock.

16. At the time of the accident, Defendant DONGWON INDUSTRIES had complete and exclusive control of the UNIVERSAL KIM when it negligently and unexpectedly began to move, thereby causing the accident and injuries to Plaintiff and said Defendant is therefore liable for the Plaintiff's injuries pursuant to the doctrine of Res Ipsa Loquitur.

17. As a direct and proximate result of the negligence of DONGWON INDUSTRIES, Plaintiff JUAN Q. PEREZ sustained severe personal bodily injuries in the accident.

18. As a further direct and proximate result of the negligence of Defendant DONGWON INDUSTRIES, Plaintiff JUAN Q. PEREZ was and is forced to endure

severe pain and suffering, loss of enjoyment of life, mental and emotional injury and distress, inconvenience, lost earnings and medical treatments and expenses.

19. As a further direct and proximate result of the negligence of Defendant DONGWON INDUSTRIES, Plaintiff JUAN Q. PEREZ will require future medical treatments and expenses with the attendant pain and suffering, loss of enjoyment of life, inconvenience, lost earnings and mental and emotional injury and distress.

20. Based on the above, Plaintiff JUAN Q. PEREZ has been damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION FOR DIRECT ACTION (NEGLIGENCE) AGAINST DEFENDANT DONGBU INSURANCE CO., LTD.

21. Plaintiff re-alleges and incorporates by reference paragraphs 1-20, above.

22. At all times herein relevant, Defendant DONGWON INDUSTRIES was insured by a liability insurance policy issued by Defendant DONGBU INSURANCE CO., LTD. covering liability for the actions set forth herein.

23. Pursuant to the coverage contained in the policy which DONGBU INSURANCE CO., LTD. issued to Defendant DONGWON INDUSTRIES and pursuant to 22 GCA §18305, Plaintiff is entitled to maintain a direct action against Defendant DONGBU INSURANCE CO., LTD. upon the terms and limits of the policy, therefore, Plaintiff is entitled to recover against Defendant DONGBU INSURANCE CO., LTD. in an amount equal to any judgment recovered against Defendant DONGWON INDUSTRIES up to the limits of the policy.

Perez v. Dongwon Industries Co., Guam., et al
Complaint For Damages
August 9, 2002

## PRAYER

WHEREFORE, Plaintiff prays for relief against the Defendants, and each of them, as follows:

1. In all Counts for General and Special Damages to be determined according to proof at the time of trial;

2. For maritime attachment of the vessel UNIVERSAL KIM in the amount of Plaintiff's damages to be determined at trial.

3. For costs of suit, attorney fees, and pre-judgment interest;

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury

Respectfully Submitted,

Dated: August 9, 2002          GORMAN & GAVRAS

BY: _____
A. ALEXANDER GORMAN, ESQ.
Attorneys for Plaintiffs
JUAN Q. PEREZ

Perez v. Dongwon Industries Co., Guam., et al
**Complaint For Damages**
**August 9, 2002**

## VERIFICATION BY ATTORNEY

I, A. Alexander Gorman, hereby state that I am the attorney of record for the Plaintiff Juan Q. Perez in the above-entitled action. I have read the foregoing Complaint and same is true to my best knowledge, information and belief. The source of my knowledge, information and belief is derived from the Plaintiff and from my investigations into the subject matter. I am authorized to verify this Complaint pursuant to Local Admiralty Rule E.2 and I do so because the Plaintiff is currently in the mainland undergoing medical treatments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 9, 2002

_____
A. Alexander Gorman, Esq.

# United States District Court

_____ DISTRICT OF _____

JUAN Q. PEREZ

V.

DONGWON INDUSTRIES CO., GUAM;
THE VESSEL "UNIVERSAL KIM"; and
DONGBU INSURANCE CO., LTD.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 02-00025

TO: (Name and address of defendant)

DONGWON INSDUSTRIES CO., GUAM

ACKNOWLEDGED RECEIPT
By: Tani C. Silas
Date: 8/9/02

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

The Law Offices of
GORMAN & GAVRAS
118-A Chalan Santo Papa
Hagatna, Guam 96910

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran
CLERK

AUG - 9 2002
DATE

/s/ Leilani R. Toves Hernandez
(BY) DEPUTY CLERK

# United States District Court

_____ DISTRICT OF _____

JUAN Q. PEREZ

V.

DONGWON INDUSTRIES CO., GUAM;
THE VESSEL "UNIVERSAL KIM"; and
DONGBU INSURANCE CO., LTD.

SUMMONS IN A CIVIL CASE

CASE NUMBER: 02-00025

ACKNOWLEDGED RECEIPT
By: _____
Date: 8/9/02

TO: (Name and address of defendant)

THE VESSEL "UNIVERSAL KIM"

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

The Law Offices of
GORMAN & GAVRAS
118-A Chalan Santo Papa
Hagatna, Guam 96910

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran

CLERK

/s/ Leilani R. Toves Hernandez

(BY) DEPUTY CLERK

AUG - 9 2002

DATE

# United States District Court

_____ DISTRICT OF _____

| | |
|---|---|
| JUAN Q. PEREZ | **SUMMONS IN A CIVIL CASE** |
| V. | CASE NUMBER: **02-00025** |
| DONGWON INDUSTRIES CO., GUAM;<br>THE VESSEL "UNIVERSAL KIM"; and<br>DONGBU INSURANCE CO., LTD. | ACKNOWLEDGED RECEIPT<br>By: _Tani C. Glas_<br>Date: _8/9/02_ |

TO: (Name and address of defendant)

DONGBU INSURANCE CO., LTD.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

The Law Offices of
GORMAN & GAVRAS
118-A Chalan Santo Papa
Hagatna, Guam 96910

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

| Mary L. M. Moran | AUG - 9 2002 |
|---|---|
| CLERK | DATE |
| /s/ Leilani R. Toves Hernandez | |
| (BY) DEPUTY CLERK | |