Timothy MB Farrell, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiff
JUAN Q. PEREZ



FILED
DISTRICT COURT OF GUAM
AUG - 9 2004
MARY L. M. MORAN
CLERK OF COURT
33

IN THE U.S. DISTRICT COURT

OF GUAM

| | |
|---|---|
| JUAN Q. PEREZ, | CIVIL CASE NO. 02-00025 |
| Plaintiff, | |
| vs. | MOTION TO COMPEL |
| DONGWON INDUSTRIES CO., GUAM; THE VESSEL "UNIVERSAL KIM"; and DONGBU INSURANCE CO., LTD. | |
| Defendants. | |

## MOTION

Plaintiff moves this Court, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, for an Order requiring Defendant to produce and permit counsel for Plaintiff to inspect and copy the following:

1. Any and all documents evidencing ship or Captain's logs, reports or entries of any kind for August 12, 2000 on the vessel UNIVERSAL KIM;

2. Any and all documents evidencing an expert opinion or upon which a defense expert intends to rely upon at trial; and

3. Any and all documents evidencing repairs or maintenance of the vessel "UNIVERSAL KIM" one year subsequent to the Plaintiff's injuries on August 12, 2000.

In addition, Plaintiff seeks an order compelling Defendant to respond to his Second Request for Production. Finally, Plaintiff seeks an order giving him leave to serve additional requests for admissions. L. R. 33.1.

## SUPPORTING MEMORANDUM

## PROCEDURAL POSTURE

Plaintiff submits that counsel has tried on repeated occasions to obtain the documents and resolve this matter without a motion pursuant to Local Rule 37.1. To date Defendant has not provided the requested information.

For the Court's information, Plaintiff served his first Request for Production of Documents on April 17, 2003. Defendant served written responses on May 9, 2003 but did not provide the information stated above. In over a year, Defendant has not provided an amended response as required by the rules. FRCP 26(e). Also on April 17, Plaintiff served his first Request for Admissions consisting of twelve (12) questions. Defendant responded in a timely manner. On July 25, 2003, Plaintiff served Requests for Admissions numbered thirteen (13) to thirty-two (32). Defendant objected to providing the responses on August 19, 2003. On January 12, 2004, Plaintiff served his Second Request for Production. Defendant has not responded as of this date.

**FIRST REQUEST FOR PRODUCTION**

*1. Any and all documents evidencing ship or Captain's logs, reports or entries of any kind for August 12, 2000 on the vessel UNIVERSAL KIM.*

The only response Plaintiff has received from Defendant regarding the logs is that the "logbook may have been discarded." This answer is not acceptable. Plaintiff does not know if Defendant will produce exculpatory evidence from the logs at trial having discovered that the logbooks were not discarded. Either they have been discarded or they have not. Plaintiff submits that the logs were not discarded and that Defendant is wrongly withholding them. Furthermore, Plaintiff believes that the logbooks contain favorable evidence. In fact, the law makes such a presumption when the logs are not produced.

There are few documents aboard a vessel that are more important than log books. In addition to recording data on the weather and the vessel's equipment, they also contain remarks on the happenings of the day. Norris, <u>The Law of Seamen</u>, 3d ed. p. 179 (1970). Significantly, they must record every marine casualty. 46 USC §11301(12). The maintenance of official log books are required by law. 46 USC §11301. Log books must be kept both on the bridge and in the engine room. They include rough and smooth versions, as well as an abstract, which contains a synopsis of the voyage. Norris, <u>Id</u>. Log books are vital to vessel operations. They are so important that failure to make an entry is a federal offense. 46 USC §11303. Due to the importance of making such entries, courts have held that failure to record important information creates a presumption of fault. <u>The Sicilian Prince</u>, 128 F. 133, 137 (DC NY, 1904), aff'd 144 F 951 (CA2). Thus, it is inconceivable to Plaintiff that the logs were

3

discarded. If they exist, then by law, they must contain information about the facts that are the subject of this case.

> 2.  Any and all documents evidencing an expert opinion or upon which a defense expert intends to rely upon at trial.

Plaintiff also seeks information about Defendant's experts. Defendant claims that this is work product. This is not correct. Expert opinions are not protected by the work product rule. US v. Meyer, 398 F 2 66 (9th Cir. 1988). Indeed, since this will be a trial based on the opinion of medical and maritime experts, pretrial disclosure of expert opinions is the only way for the parties to fairly evaluate their claims.

> 3.  Any and all documents evidencing repairs or maintenance of the vessel UNIVERSAL KIM one year subsequent to the Plaintiff's injuries on August 12, 2000.

Defendant has not provided any repair records from the day of the accident, or any time thereafter. Discovery from non parties shows that the Defendant did make repairs. There should be records. According to a report provided by Shell, repairs were made to engine control lights and the vessel's clutch on the day of the injury. The documents provided by Defendant, however, make no reference to such repairs. The fact that there were problems with the vessel that needed to be repaired is very important to Plaintiff's case. Defendant should be compelled to provide the information requested. Plaintiff can only assume that like the logs, the information requested would help his case.

## SECOND REQUEST FOR PRODUCTION

On January 12, 2004, Plaintiff served his Second Request for Production of documents. As of this date, Defendant has not responded. Similar to FRE 103(a)(1)

failure to object in a timely manner is deemed no objection. See also FRCP12(b), <u>Davis v. Fendler</u>, 650 F. 2d 1154, 1160 (9th Cir. 1981). Having not responded, Plaintiff submits that any and all objections have been waived. Plaintiff now needs an Order compelling production.

Each of the discovery requests in the Second Request is reasonably calculated to lead to the discovery of relevant evidence and does in fact constitute or contain evidence relevant and material to a matter involved in this action and cannot be obtained from other sources. The requests are not vague or ambiguous. The information is not attorney work product nor is it protected by the attorney/client privilege. Finally, the information requested is not overly broad or an undue burden on Defendant. Therefore, responses must be compelled.

## REQUEST FOR ADMISSIONS

Plaintiff served his First Request for Admissions (RFA) on April 17, 2003 pursuant to FRCP 36. Defendant duly responded. However, Defendant objected to the second request and has not consented to a third, citing the Court's pretrial order limiting the parties to twenty five requests. These requests are particularly important. For example, the second RFA explores the possibility that a third party contractor may have been working inside the vessel conducting repairs at the time of the incident. RFA 13, 16, and 17. If true, Plaintiff may have to join another defendant to this case. Certainly, this is a critical witness Plaintiff believes this agent engaged the clutch and caused the vessel to lunch forward, injuring Plaintiff.

The requests also seek to establish undisputed facts. Plaintiff believes that the Defendant was in violation of Coast Guard rules and regulations. These regulations set forth the vessel's duties during bunkering operations and establish a standard of care. If Defendant answers the requests as anticipated, then Plaintiff may have grounds for summary judgment on the issue of liability, leaving damages as the only issue at trial. RFA 14, 15, 19, 20, 21, 22, 23, 24, 25, 26, 30, 31, and 32. Attached. Alternatively, responses to the discovery will significantly reduce the amount of testimony at trial.

The scheduling order allows the parties to move for leave to serve more requests for admissions pursuant to the local rules. L.R. 33.1. Therefore, Plaintiff respectfully moves this Court for permission to propound its second request for admissions. In addition, Plaintiff seeks leave to propound a third set of admissions (attached), which will further streamline the case at trial.

## CONCLUSION

In sum, Defendant should be required to respond to discovery. Plaintiff respectfully seeks an order compelling Defendant to respond completely to Plaintiff's First Request for Production, respond to the Second Request for Production, and leave to propound Plaintiff's Second and Third Request for Admissions.

LAW OFFICES OF GORMAN & GAVRAS

Date: August 9, 2004.   By: _____
TIMOTHY MB FARRELL, ESQ.
Attorneys for Plaintiff
JUAN PEREZ

William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiff
JUAN Q. PEREZ

IN THE U.S. DISTRICT COURT

OF GUAM

| | |
|---|---|
| JUAN Q. PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>DONGWON INDUSTRIES CO., LTD.;<br>THE VESSEL "UNIVERSAL KIM"; and<br>DONGBU INSURANCE CO., LTD.<br><br>Defendants. | CIVIL CASE NO. 02-00025<br><br>PLAINTIFF'S SECOND<br>REQUEST FOR<br>ADMISSIONS TO DEFENDANT<br>DONGWON INDUSTRIES<br>CO., LTD. |

RECEIVED
JUL 25 2003
MAJ 3PM
KLEMM BLAIR STERLING & JOHNSON

TO: DONGWON INDUSTRIES CO., LTD.

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Plaintiff hereby requests that you admit or deny within thirty (30) days from the date of service, and in accordance with the instructions set out below, the following Requests for Admissions to be served upon Plaintiff's attorneys, the Law Offices of Gorman & Gavras, whose address is 2nd Floor, J&R Building, 208 Route 4, Hagåtña, Guam 96910:

## INSTRUCTIONS

These Requests for Admissions are to be deemed continuing and if Defendant or any of its agents, or attorneys discover additional information as to matters inquired of in these Requests for Admissions, between the time the answers are made and the date

**Perez v. Dongwon Industries Co., Guam., et al**
**Plaintiff's Second Request for Admissions to**
**Defendant Dongwon Industries Co., Ltd.**

of trial, supplemental answers shall be made informing Plaintiff and his attorneys as to the newly discovered information.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION 13.

Please admit or deny that a third party contractor was working inside the vessel Universal Kim at the time of the bunkering/fueling, operation wherein Plaintiff was injured.

### REQUEST FOR ADMISSION 14.

Please admit or deny that the motor vessel Universal Kim at the time of the subject accident was subject to the rules and regulations of the U.S. States Code of Federal Regulations and United States Coast Guard as to the conduct and procedures for bunkering/fueling operations within the Territory of Guam.

### REQUEST FOR ADMISSION 15.

Please admit or deny that the vessel Universal Kim is subject to the rules and regulations of ISM and ISO as to procedures for the bunkering/fueling of its vessel Universal Kim.

### REQUEST FOR ADMISSION 16.

Please admit or deny that there was an electrical engineer working in the engine room of the vessel Universal Kim at the time of the accident to Plaintiff Juan Perez.

**Perez v. Dongwon Industries Co., Guam., et al**
**Plaintiff's Second Request for Admissions to**
**Defendant Dongwon Industries Co., Ltd.**

### REQUEST FOR ADMISSION 17.

Please admit or deny that the said electrical engineer was a member of the crew of the Universal Kim.

### REQUEST FOR ADMISSION 18.

Please admit or deny that the said electrical engineer was an employee of Dongwon Industries Co., Ltd..

### REQUEST FOR ADMISSION 19.

Please admit or deny that just prior to the accident causing injuries to Juan Perez the propeller of the vessel Universal Kim was engaged causing the vessel Universal Kim to move forward out of control during the bunkering operation because the said electrical engineer or employee moved the clutch lever to see which light(s) were impacted.

### REQUEST FOR ADMISSION 20.

Please admit or deny that the vessel Universal Kim's movement forward at the time of the accident to Plaintiff Juan Perez, was out of control.

### REQUEST FOR ADMISSION 21.

Please admit or deny that the cause of the vessel Universal Kim's moving forward, at the time Mr. Juan Perez was injured, was that the clutch lever in the ship's engine room was moved causing the engaging of the propeller.

3

Perez v. Dongwon Industries Co., Guam., et al
Plaintiff's Second Request for Admissions to
Defendant Dongwon Industries Co., Ltd.

### REQUEST FOR ADMISSION 22.

Please admit or deny that Universal Kim has a safety check list for bunkering/fueling operations such as were occurring at the time Juan Perez was injured.

### REQUEST FOR ADMISSION 23.

Please admit or deny that Universal Kim was subject to the rules and regulations and guidelines and procedures of the United States Coast Guard on Guam relevant to bunkering, fueling, operations within the Territory of Guam.

### REQUEST FOR ADMISSION 24.

Please admit or deny that Defendant Dongwon Industries, Co. is responsible to see that undue movement of the vessel Universal Kim does not occur during the bunkering, refueling procedures of said vessel.

### REQUEST FOR ADMISSION 25.

Please admit or deny that the bunkering hose was connected to the shore and to the vessel Universal Kim at the time of the injury to Plaintiff Juan Perez.

### REQUEST FOR ADMISSION 26.

Please admit or deny that the vessel Universal Kim did move under its own power while the bunkering hose was connected to it.

4

**Perez v. Dongwon Industries Co., Guam., et al**
**Plaintiff's Second Request for Admissions to**
**Defendant Dongwon Industries Co., Ltd.**

## REQUEST FOR ADMISSION 27.

Please admit or deny that just prior to the acceding causing injuries to Juan Perez the vessel Universal Kim moved under its own power breaking some of the lines that were connecting it to the shore.

## REQUEST FOR ADMISSION 28.

Please admit or deny that in its movement under its own power at the time that it was being bunkered the vessel Universal Kim stretched the bunkering hose in such a way that the manifold was ripped from its foundation.

## REQUEST FOR ADMISSION 29.

Please admit or deny that the start pumping order for fuel to be processed through the bunkering hose into the vessel Universal Kim had already been given just prior to the accident causing injuries to Juan Perez.

## REQUEST FOR ADMISSION 30.

Please admit or deny that it is a deviation from the standard of care in the maritime industry to permit a vessel's engines to be on while the vessel is bunkering.

## REQUEST FOR ADMISSION 31.

Please admit or deny that it is a deviation from the standard of care in the maritime industry to permit a vessel's engines to be turned on while the vessel is tethered to the dock during a refueling operation.

Perez v. Dongwon Industries Co., Guam., et al
Plaintiff's Second Request for Admissions to
Defendant Dongwon Industries Co., Ltd.

## REQUEST FOR ADMISSION 32.

Please admit or deny that it is a deviation from the standard of care in the maritime industry to permit a vessel to lurch or move forward while the refueling hose is connected to the ship in a bunkering operation.

Dated: July 25, 2003

LAW OFFICES OF GORMAN & GAVRAS

By _____
WILLIAM L. GAVRAS, ESQ.
Attorneys for Plaintiff
JUAN Q. PEREZ

A. Alexander Gorman, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiff
JUAN Q. PEREZ

IN THE U.S. DISTRICT COURT

OF GUAM

| | |
|---|---|
| JUAN Q. PEREZ, | CIVIL CASE NO. 02-00025 |
| Plaintiff, | |
| vs. | PLAINTIFF'S THIRD REQUEST FOR ADMISSIONS TO DEFENDANTS |
| DONGWON INDUSTRIES CO., GUAM; THE VESSEL "UNIVERSAL KIM"; and DONGBU INSURANCE CO., LTD. | |
| Defendants. | |

TO: **DONGWON INDUSTRIES CO. AND DONGBU INSURANCE CO. LTD.**

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Plaintiff hereby requests that you admit or deny within thirty (30) days from the date of service, and in accordance with the instructions set out below, the following Requests for Admissions to be served upon Plaintiffs' attorneys, the Law Offices of Gorman & Gavras, whose address is 2nd Floor, J&R Building, 208 Route 4, Hagåtña, Guam 96910:

## INSTRUCTIONS

These Requests for Admissions are to be deemed continuing and if Defendant or any of its agents, or attorneys discover additional information as to matters inquired of in these Requests for Admissions, between the time the answers are made and the date

<u>Perez v. Dongwon Industries Co., Guam., et al</u>
Plaintiff's Third Requests for Admissions to Defendants
**January, 2004**

of trial, supplemental answers shall be made informing Plaintiffs and their attorneys as to the newly discovered information.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION 33.

Please admit or deny that the attached overhead photograph is a true and accurate representation of the Port of Guam.

### REQUEST FOR ADMISSION 34.

Please admit or deny That the attached diagram is a true and accurate representation of the Port of Guam and the location of the fuel facilities.

### REQUEST FOR ADMISSION 35.

Please admit or deny that the attached photograph is a true and accurate representation of the vessel.

### REQUEST FOR ADMISSION 36.

Please admit or deny that the attached pages are true and accurate copies of the Port of Guam's Harbor Rules and regulations pages 1, 5, 6, 7, 20, and 21.

LAW OFFICES OF GORMAN & GAVRAS

Date: January 12, 2004      By: _____
                             A. ALEXANDER GORMAN, ESQ.
                             Attorneys for Plaintiff
                             JUAN Q. PEREZ