KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910
Telephone 477-7857
BY: VINCENT LEON GUERRERO

Attorneys for   Defendants Dongwon Industries Co., Guam;
and  Dongbu Insurance Co., Ltd.

FILED
DISTRICT COURT OF GUAM
SEP 2 4 2004
MARY L. M. MORAN
CLERK OF COURT

(39)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| JUAN Q. PEREZ, ) | CIVIL CASE NO. 02-00025 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPPOSITION TO MOTION TO** |
| DONGWON INDUSTRIES CO., GUAM; ) | **COMPEL DISCOVERY** |
| THE VESSEL "UNIVERSAL KIM"; and ) | |
| DONGBU INSURANCE CO., LTD., ) | |
| ) | |
| Defendants. ) | |

**COME NOW**, Defendants **DONGWON INDUSTRIES CO., GUAM** and **DONGBU INSURANCE CO., LTD.** ("Defendants") and submits this Opposition to the Plaintiff's Motion to Compel Discovery as stated herein.

### INTRODUCTION

This is an action essentially in negligence filed by Juan Q. Perez ("Mr. Perez") against Dongwon Industries Co. Guam ("Dongwon"), a Guam corporation, the vessel "Universal Kim" and Dongbu Insurance Company, Ltd. ("Dongbu"), a corporation licensed to do business in Guam. An answer was filed on behalf

//

of Dongwon and Dongbu. The summons and complaint were not served on the vessel "Universal Kim".

### REQUEST FOR ADMISSIONS

Since the commencement of the instant action, Mr. Perez obtained the deposition of Dongwon pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, a First Request for Admission was served and responses to the request served on Mr. Perez.

Through his motion, Mr. Perez now seeks leave to serve a Second Request for Admission and a Third Request for Admission. It is Mr. Perez' contention that the requests for admission are necessary to establish undisputed facts. Defendants disagree. The undisputed facts can be established through stipulation. Indeed Defendants stated through a letter dated August 26, 2004 that "we do not dispute that the vessel moved while the mooring lines were attached and that the vessel should not have been in motion." A copy of the relevant redacted portions of the letter is attached hereto as Exhibit "A." Through the deposition of Dongwon, it was clear that the propellers were engaged and that whatever happens within the ship is the responsibility of the chief engineer or the vessel.

Through the August 26, 2004 letter, we indicated our main issues were causation and damages. Through the depositions of Dongwon, it is undisputed that the refueling had not yet commenced yet, numerous requests are drafted trying to

reestablish bunkering had commenced. The requests, therefore, would not necessarily streamline the issue for trial.

Local Rules 36.1 and 33.1 placed a limitation on the number of requests. In order to get leave of court to sever additional requests, good cause must be shown. Defendants submit there is no good cause.

### REQUEST FOR PRODUCTION

As indicated above, the vessel is not part of this action. Numerous requests were made concerning the vessel's documents. Dongwon is not in possession of the ship's logs since, as Mr. Perez noted in his motion, the books must be kept on the bridge and in the engine room of the vessel.

Further, Dongwon is not in possession and control of the ship's logs. Dongwon, as noted above, does not dispute the vessel moved while the mooring lines were attached. A stipulation to such, if not proposed, surely was implied.

It should be noted that the date of the incident alleged in the complaint is August 12, 2000. The complaint was filed on August 9, 2002 - two years after the incident. Whatever documents Dongwon had in its possession is believed to have been turned over to Mr. Perez. Mr. Perez is asking Dongwon to produce documents it does not have.

Inasmuch as Rule 34 of the Federal Rules of Civil Procedure states the things requested must be "in possession, custody, or

//

control of the party," Defendants submit the motion to compel should be denied. Finally, the requested documents will be used to show the vessel should not have been in motion at the time. As stated above, Defendants do not dispute such.

**RESPECTFULLY SUBMITTED** this 24th day of September, 2004.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

BY: *[signature]*
**VINCENT LEON GUERRERO**
*Attorneys for Defendants Dongwon Industries Co., Guam and Dongbu Insurance Co., Ltd.*

**EXHIBIT "A"**

```
V49\14226-160
G:\WORD97\OFFICE\WORDDOC\DONGBU\PLD\511-OPPOSITION TO
MOTION TO COMPEL DISCOVERY RE PEREZ V DONGWON.DOC
```

## LAW OFFICES
## KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

WILLIAM J. BLAIR
THOMAS C. STERLING
RICHARD L. JOHNSON
THOMAS C. MOODY, III
JEHAN' AD G. MARTINEZ
VINCENT E. LEON GUERRERO

SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205

TELEPHONE: (671) 477-7857; FACSIMILE (671) 472-4290
WRITER'S E-MAIL: vlg@kbsjlaw.com

JAMES F. BALDWIN

OF COUNSEL
J. BRADLEY KLEMM

August 26, 2004

**VIA FACSIMILE**
**(671) 472-2342**

Timothy M.B. Farrell, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910

    **RE:** ***PEREZ V. DONGWON INDUSTRIES CO., GUAM, ET AL.,***
         **CASE NO. CV02-00025**

Dear Mr. Farrell:



. We do not dispute that the vessel moved while the mooring lines were attached and that the vessel should not have been in motion. As discussed earlier, our main issues are causation and damages.



**EXHIBIT "A"**