FILED
DISTRICT COURT OF GUAM
SEP 29 2004
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JUAN Q. PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>DONGWON INDUSTRIES CO., GUAM THE VESSEL "UNIVERSAL KIM"; and DONGBU INSURANCE CO., LTD.<br><br>Defendants. | Civil Case No. CV02-00025<br><br>**ORDER** |

This case is before the Court on a Motion for Leave to Serve Additional Discovery (the "Motion"), filed by the plaintiff Juan Q. Perez (the "Plaintiff"). For the reasons set forth herein, the Court hereby DENIES the Plaintiff's Motion.

## BACKGROUND

Pursuant to the terms of the Second Revised Scheduling Order filed on September 24, 2003, the deadline to file discovery motions was set for February 23, 2004, and the trial was set to commence on May 18, 2004.

On April 8, 2004, in anticipation of his retirement from the bench, Judge Unpingco vacated all dates and deadlines then pending on the Second Revised Scheduling Order (*i.e.*, preliminary and final pretrial conferences and the trial date). See Order, Docket No. 32 (April 8, 2004).

Having been advised by counsel that they would like to proceed to trial, on

September 2, 2004, the Court scheduled the trial to commence on November 30, 2004 before the Honorable A. Wallace Tashima. See, Order, Docket No. 35 (September 2, 2004).

On September 17, 2004, the Plaintiff filed the present Motion before the Court. Therein, the Plaintiff requested that he be permitted to serve additional requests for admissions upon the defendants. The Plaintiff also requested that the defendants be compelled to produce the log books for his review.

On September 24, 2004, defendants Dongwon Industries Co., Guam ("Dongwon Industries") and Dongbu Insurance Co., Ltd. ("Dongbu Insurance") filed its Opposition to the Motion to Compel Discovery. See Docket No. 39 (September 24, 2004). Dongwon Industries and Dongbu Insurance assert the Plaintiff has not shown good cause for permitting additional requests for admissions. (Id. at 3.) They also contend that the requests for admissions are unnecessary since the undisputed facts can be established through stipulation. (Id. at 2.) Finally, as to the matter regarding log books, Dongwon Industries and Dongbu Insurance maintain that they are not in possession of the log books. (Id. at 3.)

## ANALYSIS

The Plaintiff states that he served his first request for admissions upon defendant Dongbu Insurance Co., Ltd.[1] on April 17, 2003. (Plaintiff's Motion at p.1.) The Plaintiff also states that Dongbu Insurance duly responded to its request. (Id.) On July 25, 2003, the Plaintiff served a second request for admissions, however, the "Defendant[2] objected on the grounds that a court order prevented a party from serving more than one set of requests for admissions absent a court order." (Id. at pp.1-2) (footnote added). The Plaintiff further

---

[1] There are three defendants named in this action. The Plaintiff's Motion does not specifically specify which defendant was served with the first request for admissions, however, the attachment to the Plaintiff's Motion reveals that the Plaintiff's first request for admissions was directed toward Dongbu Insurance.

[2] Again, the Plaintiff does not specify which defendant was served with the second request for admissions. Another attachment to the Plaintiff's Motion indicates that the Plaintiff's second request for admissions was directed at defendant Dongwon Industries Co., Ltd.

- 2 -

asserts that a third "request for admissions was drafted, but not served on defendants." (Id. at p.2.) The Plaintiff thus seeks leave to serve these additional requests for admissions upon the defendants.

The Plaintiff notes that Local Rule LR 33.1(a) of the Local Rules of Practice for the District Court of Guam provides that "[n]o party shall serve more than one set of interrogatories or requests for admission on any other party without leave of court." A party wishing to serve additional requests for admission are required to file "a written memorandum setting forth the proposed additional . . . requests for admission and the reasons establishing good cause for their use." Local Rule LR 33.1(a).

The Plaintiff asserts that good cause exists for permitting additional requests for admissions. Specifically, the Plaintiff contends that the admissions would "help speed the presentation of the case at trial." (Plaintiff's Motion at p.3.) However, before the Court can determine the existence of good cause under Local Rule 33.1(a), it must first determine whether this motion is timely filed.

In this case, the Second Revised Scheduling Order established a discovery motion cut-off date of February 23, 2004. The Plaintiff's Motion was filed approximately seven (7) months after the discovery motion deadline. Thus, the Plaintiff's Motion – a discovery motion – is untimely.

A scheduling order "shall not be modified except upon a showing of good cause and by leave" of Court. Fed. R. Civ. P. 16(b). See also Local Rule LR 16.5. To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they could not meet the timetable set by the court. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. Id. at 608.

Here, the Court finds an absence of good cause to warrant modification of the discovery motion deadline established in the Second Revised Scheduling Order. The Court notes that the Plaintiff has not sought to extend this cut-off date. Additionally, the Plaintiff has not shown

due diligence in meeting the established deadline. The Plaintiff knew back in July 2003 that the defendants objected to the second request for admissions. Now, more than one year later and after the discovery motion deadline has elapsed, the Plaintiff seeks to require the defendants to respond to the additional request for admissions. Such inaction clearly evidences a lack of diligence by the Plaintiff. The Plaintiff's Motion also states that new counsel was just hired in January 2004, and said counsel has "his own ideas on how to try the case." (Plaintiff's Motion at pp. 2-3.) Nevertheless, upon being hired, new counsel did not request a continuance of the discovery cut-off and discovery motion cut-off dates. Had counsel exercised due diligence, these deadlines could have been met. This case has been pending for over two (2) years, and the trial is scheduled to commence in approximately 60 days. Discovery should be complete at this stage. Because the Court finds an absence of good cause to warrant modification of the Second Revised Scheduling Order, the Court concludes that the Plaintiff's motion is time barred.[3]

## CONCLUSION

Based on the above analysis, the Court hereby DENIES the Plaintiff's Motion in its entirety..

IT IS SO ORDERED this 29th day of September, 2004.

JOAQUIN V. E. MANIBUSAN, JR.

Notice is hereby given that this document was entered on the docket on 9/30/04.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 9/30/04
Deputy Clerk       Date

---

[3] This same analysis applies to the request with the Motion to compel the defendants to produce the log books. Dongwon Industries and Dongbu Insurance has already stated that it does not have possession of the log books. As noted in the Opposition brief, the log books are likely located on the vessel, however, the Plaintiff has failed to serve the defendant vessel and bring it into this lawsuit.

- 4 -